JUSTICE McKINNON,
concurring.
¶23 Neither § 61-8-402, MCA, the implied consent statute; § 61-8-409, MCA, the PAST statute; nor § 61-8-405, MCA, which permits a person to have an additional and independent test, require that the person tested be informed of the opportunity to have an additional test administered. The only statutory advisement necessary in a DUI investigation is that required by § 61-8-409(3), MCA, when a peace officer has particularized suspicion that a person is driving under the influence. Pursuant to § 61-8-409(3), MCA, although the person is still considered to have given consent to a PAST, the peace officer must nonetheless advise “the person of the right to refuse the test and that the refusal to submit to the preliminary alcohol screening test will result in the suspension for up to 1 year of that person’s driver’s *505 license.”
¶24 If the person refuses to perform a PAST, the officer may elect to proceed under § 61-8-402, MCA, (1) if the officer has probable cause for DUI, or (2) the person has been placed under arrest for DUI or aggravated DUI. Section 61-8-402(2), MCA. If the person refuses a test requested by the officer pursuant to § 61-8-402(2), MCA, then the test cannot be given and the officer may apply for a “search warrant to be issued pursuant to 46-5-224 to collect a sample of the person’s blood for testing.” Section 61-8-402(5), MCA. The testing of breath requires the affirmative act by the suspect of blowing into a testing instrument, an act which even a warrant cannot compel. Thus, the significance of § 61-8-402, MCA, aside from setting forth the penalty provisions for license suspension, is that it recognizes the necessity in a DUI investigation for collecting a person’s blood when a breath sample is unobtainable. However, any statutory right to be informed of the opportunity to have an independent test administered must have its source in a different statutory provision, because no statutory advisements of any nature are required by § 61-8-402, MCA.
¶25 Section 61-8-405, MCA, which is neither referred to nor mentioned in § 61-8-402, MCA, provides for the manner in which tests are to be administered.[1] It ensures that only a physician, registered nurse or other qualified person will withdraw a person’s blood, although the limitation does not apply to the sampling of breath. For purposes of this proceeding, § 61-8-405(2), MCA, provides that:
[A] person may request that an independent blood sample be drawn by a physician or registered nurse for the purpose of determining any measured amount or detected presence of alcohol, drugs, or any combination of alcohol and drugs in the person. The peace officer may not unreasonably impede the person’s right to obtain an independent blood test. The officer may but has no duty to transport the person to a medical facility or otherwise assist the person in obtaining the test. The cost of an independent blood test is the sole responsibility of the person requesting the test. The failure or inability to obtain an independent test by a person does not preclude the admissibility in evidence of any test given at the direction of a peace officer.
The plain, clear, and unambiguous language of § 61-8-405(2), MCA, *506 does not impart a responsibility or obligation on a peace officer to inform a person suspected of DUI that he/she may obtain an independent blood test. Thus, we may reasonably conclude that the Legislature did not intend to require that the arresting officer inform the person tested of the availability of an additional test.
¶26 This Court first interpreted the provisions of § 61-8-405(2), MCA, in Swanson. We did so, however, within the context of due process and the fundamental right of the accused to obtain independent evidence of his innocence. When we held that “[wjhile the police have no duty to assist an accused in obtaining independent evidence of sobriety, they cannot frustrate such an effort through either affirmative acts or their rules and regulations,” Swanson, 222 Mont. at 361-62, 722 P.2d at 1158, we were recognizing a right to noninterference by police in the accused obtaining an independent blood test. We recognized, however, that the right of noninterference, was grounded in principles of due process and not in the specific language of § 61-8-405(2), MCA. As Swanson was denied the use of potentially exculpatory evidence through law enforcement’s mishandling of his blood evidence, we affirmed the trial court’s dismissal of the charges.
¶27 In Strand, we took “the next step and [held] that due process requires that the arresting officer inform the accused of his or her right to obtain an independent blood test, regardless of whether the accused consents to the test designated by the officer.” Strand, 286 Mont. at 126, 951 P.2d at 554. We held that “[flairness” dictated that there was a “corresponding [statutory] right to obtain an independent blood test” and that the right is rendered meaningless unless the defendant is apprised of this right. Strand, 286 Mont. at 128, 951 P.2d at 555. We expressly premised the requirement that the accused be apprised of the right to obtain an independent blood test on the right to due process of law. Strand, 286 Mont. at 127, 951 P.2d at 555. We explained “[flairness thus dictates that the State not be allowed to utilize scientific evidence of intoxication ... if; through omission of the State, the accused is not advised of the right to obtain his or her own scientific evidence of blood alcohol concentration.” Strand, 286 Mont. at 128, 951 P.2d at 555.
¶28 In Schauf, this Court explained that suppressing the State’s testing evidence where the accused was not advised of the right to an independent test remained the proper remedy when the officer does not actually impede the accused’s right to an examination. Schauf, ¶ 25. We found that “[tjhis approach was consistent with other decisions from this Court outside the DUI context dealing with an accused’s due *507 process right to obtain exculpatory evidence.” Schauf, ¶ 24. When law enforcement officers “intentionally suppress exculpatory evidence, there is per se a violation of the accused’s right to due process and dismissal is warranted.” Schauf, ¶ 24; citing State v. Weaver, 1998 MT 167, ¶ 54, 290 Mont. 58, 964 P.2d 713.
¶29 Thus, the basis upon which this Court has required that an accused be advised by law enforcement of the right to obtain an independent blood test is rooted in principles of due process; the Legislature has not required such an advisement in any statutory provision, neither §§ 61-8-402, -405, nor -409, MCA. The requirement to advise an accused of the right to an independent blood test is based on principles of fairness and the right to obtain exculpatory evidence; more particularly, that the State may not be allowed to utilize scientific evidence of intoxication without the accused having the corresponding right to obtain his or her own scientific evidence of blood alcohol concentration.
¶30 Here, there is no statutory right which required Officer Smith to advise Berger he could obtain an independent blood test. Section 61-8-409, MCA, imposes no such requirement prior to obtaining a breath sample for a PAST. Law enforcement did not invoke the provisions of § 61-8-402, MCA, and consequently the State did not obtain any scientific evidence of blood alcohol concentration. As there is no evidence that law enforcement intentionally interfered with Berger’s right to obtain exculpatory evidence, dismissal is not warranted. Conversely, because Officer Smith did not pursue ablood test pursuant to § 61-8-402, MCA, there is no evidence to suppress.
¶31 Our jurisprudence as it relates to the implied consent statutes and independent blood tests has been inconsistent. The Court recognized in Strand a right of the accused to be advised he or she could have an independent blood test when the State seeks to admit testing evidence against the accused. Our decision in Strand recognizing such a right was premised upon due process; it was not the Legislature’s decision and any discussion of a statutory basis for informing the accused of a right to an independent blood draw is misplaced. It is upon principles of due process that the instant dispute should be evaluated and resolved. Berger has not demonstrated the State admitted its own testing evidence and that he has been deprived of his “corresponding [statutory] right to obtain an independent blood test.” Strand, 286 Mont. at 128, 951 P.2d at 555. Berger has failed to demonstrate any fundamental unfairness in these proceedings or violation of his right to due process of law by the failure of law enforcement to apprise him of his right to obtain an independent blood test.
*508 ¶32 As a final point, consistent with Strand and due process, law enforcement should continue to advise DUI arrestees of their statutory right to an independent blood test prior to obtaining scientific evidence contemplated for use at trial. As a practical matter, however, I find it difficult to imagine a situation where an accused’s refusal to take any breath test, where law enforcement does not take the next step of obtaining a search warrant for a blood draw, would ever amount to a constitutional due process violation—for the simple reason that the State has not obtained any scientific evidence against the accused. Moreover, a PAST is rarely admissible at trial and, under similar reasoning, a due process violation would not occur through failure of law enforcement to advise of the right to an independent blood test.
¶33 I think it important to be clear about the principles upon which we affirm the District Court’s denial of Berger’s motion. I otherwise concur in the disposition rendered by this Court.

 Section 61-8-402(13), MCA, does address the release of information obtained “from tests, samples, and analyses of blood or breath for law enforcement purposes as provided in 46-4-301 and 61-8-405(6).”